# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DAWAN FOSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV459 AGF |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Petition will be dismissed.

## Background

On May 17, 1999, Petitioner fired several gunshots into a crowd of people, killing Turrell Harris. Resp. Exh. D at 3. Petitioner was indicted on charges of murder in the first degree and armed criminal action. <u>Id.</u> On September 26, 2000, a jury convicted him on both charges. <u>Id.</u> The trial court sentenced Petitioner to life without the possibility of probation or parole on the murder charge and thirty years' imprisonment on the armed criminal action charge, to be served concurrently. <u>Id.</u>

Petitioner appealed, arguing that the trial court erred by permitting the State to cross-examine Petitioner's alibi witness about whether the witness's son had been separately charged with tampering with a witness related to Petitioner's case. Id. at 2; Resp. Exh. A at 10. Petitioner claimed that the State's questions misstated the evidence and the law. Resp. Exh. D at 3. Petitioner maintained that the jury disregarded the witness's testimony as a result, and that he was thereby prejudiced. Id. The Missouri Court of Appeals found that the trial court misstated the law in front of the jury, but that the error was not prejudicial because the reliable evidence against him was overwhelming. Id. at 5.

Petitioner filed a pro se motion for post-conviction relief pursuant to Rule 29.15, and counsel subsequently filed a superseding amended motion. Resp. Exh. G at 3, 19. In his amended motion, Petitioner argued that trial counsel was ineffective for failing to present the testimony of Lamont Wright and Geraldine Nance, who he alleged were alibi witnesses; that counsel was ineffective for failing to adequately advise him of his right to testify; and that counsel was ineffective for failing to object when the prosecutor commented on the believability of its witnesses during argument. Resp. Exh. G at 20-30. The motion court held an evidentiary hearing at which trial counsel and Petitioner testified. Id. at 37-39. The court applied the correct standard to Petitioner's claims and denied the motion. Id. at 39-46.

Petitioner appealed, arguing that his counsel was ineffective for telling him he could not testify and for failing to object when the prosecutor commented on the believability of its witnesses during argument. Resp. Exh. E at 13-14. The Missouri Court of Appeals applied the Strickland standard to Petitioner's claims. Resp. Exh. H at 3. The court noted that, as to Petitioner's claim regarding not testifying, counsel had testified during the evidentiary hearing that it was Petitioner's decision not to testify and that the motion court had found counsel's testimony to be credible. Id. The court denied this claim, deferring to the motion court's finding of credibility. Id. The court denied Petitioner's claim regarding the prosecutor's comments because it found that the decision not to object was sound trial strategy and that any objection would have been frivolous. Id. at 4.

Petitioner is incarcerated at Potosi Correctional Center. Troy Steele is the current warden at PCC.

**Grounds for Relief**

Petitioner raises the following grounds for relief.

1. Trial counsel was ineffective for failing to present the testimony of Lamont Wright and Geraldine Nance.

2. Trial counsel was ineffective for telling Petitioner he could not testify at trial.

3. The trial court erred by admitting hearsay evidence.

4.      Trial counsel was ineffective for failing to preserve for appellate review a challenge to his out-of-court lineup.

5.      Trial counsel was ineffective for failing to object during the prosecutor's closing argument when she said that all of the State's witnesses had told the truth.

6.      The trial court erred when it allowed the prosecutor to cross-examine Petitioner's alibi witness about her son's jury tampering charge.

Respondent asserts that grounds one, three and four are procedurally defaulted, and also lack merit. With regard to grounds two, five and six, Respondent asserts that the state appellate court's resolution of the claims was neither contrary to nor involved an unreasonable application of clearly established federal law.

**Procedural Default**

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v.

Netherland, 518 U.S. 152, 161-62 (1996)).  Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default.  Id.

In ground one, Petitioner claims that trial counsel was ineffective for failing to present the testimony of Lamont Wright and Geraldine Nance.  Petitioner raised ground one in his Rule 29.15 motion, but he failed to bring the claim on appeal.  Claims that are raised in post-conviction relief motions but are abandoned on appeal therefrom are defaulted.  Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997).  And Petitioner has not shown cause or prejudice for the default.  As a result, ground one is procedurally defaulted, and the Court will not address the merits of this claim.

In ground three, Petitioner claims that the trial court erred by admitting hearsay testimony from Detective Matthias Hanewinkel.  As Petitioner did not bring this claim on direct appeal, it, too, is procedurally defaulted.  Petitioner attempts to demonstrate cause and prejudice by arguing that trial counsel was ineffective for failing to preserve this issue for appeal.  The ineffective assistance of counsel claim fails, however, because the testimony elicited by the prosecutor from Hanewinkel was not hearsay.  See Resp. Exh. I at 193-96.  The testimony was elicited for the purpose of explaining subsequent police conduct that led the police to Petitioner.  Id.  Such testimony is admissible under Missouri law.  See State v. Deck, 136 S.W.3d 481, 485 (Mo. banc

2004) ("Statements made by out-of-court declarants that explain subsequent police conduct are admissible to supply relevant background information and continuity."), overruled on other grounds, 544 U.S. 622 (2005). Thus, Petitioner has not shown cause and prejudice for the default.

In ground four, Petitioner claims that counsel was ineffective for failing to preserve for appellate review a challenge to his out-of-court lineup. Petitioner did not raise this claim in his Rule 29.15 motion or on appeal therefrom, and has not shown cause and prejudice for the default. As a result, this ground is procedurally defaulted, and the Court will not address the merits of this claim.

### Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Merits Discussion**

1.    Ground Two

In ground two, Petitioner argues that trial counsel was ineffective for telling him he could not testify at trial. Both Petitioner and trial counsel testified about this issue during the evidentiary hearing before the motion court. Counsel testified that he advised Petitioner of his right to testify and that Petitioner decided not to testify. The motion court found counsel's testimony to be credible and denied relief.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was both deficient and prejudicial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner

> must do more than show that he would have satisfied <u>Strickland</u>'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, he must show that the [state court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner.

<u>Bell v. Cone</u>, 535 U.S. 685, 698-99 (2002) (citations omitted).

The motion court correctly applied the <u>Strickland</u> analysis to this claim. And this Court must give deference to the motion court's factual findings, which include a determination that counsel's testimony was more credible than Petitioner's. Based on a review of the record, the motion court's determination of this issue was reasonable. As a result, Petitioner is not entitled to relief on ground two of the Petition.

2.    <u>Ground Five</u>

In ground five, Petitioner argues that trial counsel was ineffective for failing to object during the prosecutor's closing argument when she said that all of the State's witnesses had told the truth.

At the end of closing argument, the prosecutor stated:

> Every witness who came in here told the truth about what happened. There's Michael Shores, Marqus Shores, William Pearson, they saw their friend get killed right in front of them and they saw the man who did it and that is Dawan Foster. I ask you to find him guilty of Murder in the First Degree and Armed Criminal Action.

Resp. Exh. I at 313. Just before closing arguments were given, however, the court read the jury instructions, which stated, "you alone must decide on the believability of the witnesses and the weight and value of the evidence." Resp. Exh. C at 57.

In deciding this claim, the motion court first noted that "[f]ailure to object during closing argument is more likely a function of trial strategy than of error." Resp. Exh. G at 45. The court then found that there was "no reasonable probability that had an objection been made and sustained to these allegedly improper comments. . . the results of this trial would have been different given the strong evidence of guilt at trial." Id. at 46.

This Court agrees with the motion court. Petitioner has failed to demonstrate that he was prejudiced by counsel's failure to object. The evidence supporting the conviction was overwhelming. And the court had previously instructed the jury members that they were solely responsible for determining the credibility of the witnesses. The motion court's decision was not contrary to or an unreasonable

application of clearly established federal law.  As a result, Petitioner is not entitled to

relief on ground five of the Petition.

    3.    <u>Ground Six</u>

In ground six, Petitioner argues that the trial court erred when it allowed the

prosecutor to cross-examine Petitioner's alibi witness about her son's jury tampering

charge.  The facts underlying this issue were stated by the Missouri Court of Appeals

as follows:

> [Petitioner] presented an alibi witness, Cheryl Peters, who testified that
> she lived approximately four blocks away from where the shooting took
> place. She stated [Petitioner] was within her line of sight at the time the
> shooting occurred, and therefore, he could not have been involved in the
> shooting. The following exchange took place when the prosecutor
> cross-examined Cheryl Peters:
>
> > [THE PROSECUTOR]: Isn't it true, ma'am, that your son-
> >
> > [DEFENSE COUNSEL]: Your Honor, can we approach?
> >
> > THE COURT: Your request. Speak to her. I get it.
> >
> > [DEFENSE COUNSEL]: I have an objection to the testimony. I
> > think what's coming is the fact that her son is charged with
> > tampering with a witness in this particular case. That is not relevant
> > at all to whether this woman is telling the truth, whether this charge
> > turns out to be true or not. I mean, that's-the tampering is still the
> > tampering charge. It's not-it's not a motive for her to testify falsely
> > for [Appellant]. He can still be charged and convicted of tampering
> > with the witness. I just-it's more prejudicial than probative of
> > anything regarding this woman's testimony as to what she saw on
> > that day.

THE COURT: I don't know. Go ahead. Your response.

[THE PROSECUTOR]: It goes directly to bias because a person cannot be convicted of tampering with a witness if the underlying charge, the defendant is found not guilty.

THE COURT: Who is her son again?

[THE PROSECUTOR]: Michael Peters.

THE COURT: And who is he charged with tampering with?

[THE PROSECUTOR]: Marqus Shores and Michael Shores.

THE COURT: The two teenagers that testified?

[THE PROSECUTOR]: Yes.

[DEFENSE COUNSEL]: His actions are completely independent of his mother's.

[THE PROSECUTOR]: Might go to her boy also.

THE COURT: That she would not want her son to be convicted?

[THE PROSECUTOR]: Correct.

THE COURT: If [Petitioner] is acquitted this lady's son cannot be convicted?

[THE PROSECUTOR]: Correct.

THE COURT: It's preserved. It's overruled. I'll allow it.

The prosecutor proceeded to question the witness about her son's tampering with a witness charge.

[THE PROSECUTOR]: And if [Petitioner] is not convicted of this crime your son can't be convicted with tampering with a witness?

[WITNESS]: I would have to talk to his lawyer about that . . .

Resp. Exh. D at 3-4.

The Missouri Court of Appeals found that the trial court erred in allowing the testimony and by misstating the law – a tampering charge may be proven whether or not the criminal trial results in a conviction. Resp. Exh. D at 5. But the court found that the error was not prejudicial in light of the overwhelming evidence of guilt, including the several eyewitnesses, most of whom had already known Petitioner, and the witnesses who identified Petitioner from a lineup. Resp. Exh. D at 5.

> In order for the admission of evidence to warrant habeas relief, the trial court's error must have been so egregious that it denied the defendant his right to due process. To determine whether the defendant has been denied due process, the court must look at the totality of the circumstances, and decide whether the error was so 'gross' 'conspicuously prejudicial' or otherwise of such magnitude that it fatally infected the trial and failed to afford Petitioner the fundamental fairness which is the essence of due process.

Mercer v. Armontrout, 844 F.2d 582, 587 (8th Cir. 1988) (citations and quotations omitted).

Ms. Peters was Petitioner's only witness. And the trial court improperly allowed her to be impeached by cross-examination implying that she was motivated to lie on Petitioner's behalf in order to keep her son from being convicted of tampering. This

no doubt had a prejudicial effect on Petitioner's case. But the question before this Court is limited to whether the Missouri Court of Appeals unreasonably applied the law when deciding this issue. This Court finds that it did not. The State's case against Petitioner was overwhelming and bolstered by reliable evidence. Under the totality of the circumstances in Petitioner's case, it was reasonable to find that the error was not so conspicuously prejudicial as to deny Petitioner a fair trial. As a result, Petitioner is not entitled to relief on ground five of the Petition.

## Conclusion

For these reasons, Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue. 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this action

as <u>Dawan Foster v. Troy Steele</u>.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 26th day of August, 2011.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE